[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 149.]

CINCINNATI BAR ASSOCIATION *v.* MCGRATH.

[Cite as *Cincinnati Bar Assn. v. McGrath*, 2002-Ohio-323.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted*
*legal matter—Failing to carry out contract for professional employment—*
*Prejudicing or damaging client during course of professional*
*relationship—Failing to promptly deliver to client funds or property to*
*which client is entitled—Neglecting or refusing to assist or testify in*
*disciplinary investigation or hearing.*

(No. 01-1558—Submitted October 16, 2001—Decided January 16, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 01-25.

_____

*Per Curiam.*

{¶ 1} On April 9, 2001, relator, Cincinnati Bar Association, filed a complaint charging respondent, James B. McGrath, Jr., of Cincinnati, Ohio, Attorney Registration No. 0021092, with neglect in his failure to represent adequately his client, Indell Construction Corporation. Attempts by relator, Cincinnati Bar Association, to serve the complaint at respondent's residence and office were unsuccessful, and relator finally served the complaint upon the Clerk of the Supreme Court of Ohio as authorized by Gov.Bar R. V(11)(B). When relator's subsequent attempts to contact respondent were fruitless, relator filed a motion for default. The motion was referred by the Board of Commissioners on Grievances and Discipline ("board") to board member Judge Leo M. Spellacy for ruling.

{¶ 2} Based upon the allegations of the complaint, the board member found that in November 1995, Indell Construction Corporation retained respondent, and

in 1996, respondent agreed to recover payment from the Bernsteins for construction work that Indell had done for them.  Indell turned over corporate stock, documents relating to business transactions, personal and corporate deeds, and contracts to respondent.  Respondent told Indell to have all its subcontractors call respondent.

{¶ 3} The board member further found that respondent did not reply when contacted by Indell's subcontractors or take any action on the dispute with the Bernsteins.  In fact, respondent did not contact Indell again.  As a result, Indell was unable to pay its subcontractors.  Respondent did not return Indell's documents when requested, nor did respondent cooperate with relator's investigation.

{¶ 4} The board member concluded that respondent's inaction in this matter violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 7-101(A)(3) (a lawyer shall not prejudice or damage his client), 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled), and, for failure to cooperate with relator, Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an investigation or hearing). The board member recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the board member.

{¶ 5} Having reviewed the record, we adopt the findings, conclusions, and recommendation of the board.  Respondent is hereby indefinitely suspended from the practice of law in Ohio.  Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*James F. Brockman* and *Robert F. Laufman,* for relator.

_____